**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

ALFRED CARL FARACA
a/k/a A.C. FARACA,

        Plaintiff,

  v.                                                    Case No. 09-C-690

FLEET 1 LOGISTICS, LLC,

        Defendant.

## DECISION AND ORDER

This action brought by the Plaintiff, Alfred Carl Faraca, a/k/a A.C. Faraca ("Faraca"), arises out of the failure of the Defendant, Fleet 1 Logistics, LLC ("Fleet 1"), to pay Faraca for work that he performed under a Contract Hauling Agreement (the "Agreement") that they entered into on July 31, 2008. The Complaint includes a cause of action under the Truth-in-Leasing Act, 49 U.S.C. § 14102 and § 14704. Federal question jurisdiction exists under 28 U.S.C. § 1331, based on the claims under the federal Truth-in-Leasing Act. The Court has supplemental jurisdiction over Faraca's state law claims pursuant to 28 U.S.C. § 1367(a). Venue in this district is proper under 28 U.S.C. § 1391(b).

*Procedural Background*

Previously, by a Decision and Order dated January 7, 2010, this Court denied Faraca's motion for default judgment because it questioned the sufficiency of service upon Fleet 1 and, thus, the claimed default. (*See* Court's Jan. 7, 2010, Decision and Order 4.) The

Court also extended the time for service of the summons and Complaint upon Fleet 1 until February 10, 2010.

On February 9, 2010, Faraca filed proof of service of the summons and Complaint upon Fleet 1, by personally serving its registered agent, Mark A. Jennison ("Jennison"). On February 19, 2010, upon Faraca's application for entry of default pursuant to Federal Rule of Civil Procedure 55(a), the Clerk of Court entered default.

*Analysis*

This matter is now before the Court on Faraca's second motion for default judgment in the amount of $16,924.38, which includes the $10,476.34 due under the Agreement, as evidenced by an August 22, 2008, email that Fleet 1 sent to Faraca, (Compl. ¶ 17, Ex. 2.), $5,875.00 for attorney's fees, and costs of $573.04. Relying on Rule 55(b)(2) of the Federal Rules of Civil Procedure which provides for the entry of default judgment when a claim is not for a sum certain or a sum that can be made certain by computation, Faraca seeks the entry of default judgment.

In determining whether a default judgment is warranted, the Court may consider a variety of factors, including the amount of money involved, whether the default is largely technical, whether the grounds for default are clearly established, and whether the default was caused by a good faith mistake or excusable neglect. *See* 10A Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, *Federal Practice and Procedure* ¶ 2685 (3d ed. 1998). As this Court noted in its January 7, 2010, Decision and Order, the amount sought is not insignificant. On February 19, 2010, default was properly entered by the Clerk of Court. The grounds for

the default – Fleet 1's failure to file an answer or other responsive pleading within 20 days of being served with the summons and Complaint – are clearly established, and there is no indication that the default was caused by a good faith mistake or excusable neglect. To the contrary, as recently as February 19, 2010, the parties discussed settlement of this matter as indicated by an entry on the interim billing statement attached to the Affidavit of Attorney Mara C. Spring ("Spring") in Support the Plaintiff's Second Motion for Default Judgment and for Attorney Fees ("Spring Affidavit II"). Thus, the circumstances warrant the entry of default judgment in favor of Faraca. Therefore, the Court finds that Fleet 1 is liable to Faraca for breach of contract (first cause of action), unjust enrichment (second cause of action), account stated (third cause of action), prejudgment interest (fourth cause of action), the violation of federal Truth-in-Leasing laws which includes 49 U.S.C. § 14102, and a related regulation, 49 C.F.R. 376.12(f) (fifth cause of action), as well as for attorney's fees (sixth cause of action). *See e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007) (stating "[a] default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action alleged in the complaint[,] *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989).")

However, "even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true." *Id.* The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty. *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). Judgment by default may not be entered without a hearing on damages unless "the amount

claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *e360 Insight*, 500 F.3d at 602 (quoting *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)). The documents attached to the Complaint establish that Fleet 1 confirmed that it owed $10,476.34 to Faraca. Therefore, the Court grants Faraca's motion for default judgment as to that amount.

Faraca also claims prejudgment interest. While the parties' agreement does not address prejudgment interest, the case law of this circuit holds that prejudgment interest is presumptively available to victims of federal law violations. *Gorstein Enter. v. Quality Care-USA, Inc.*, 874 F.2d 431, 436 (7th Cir. 1989). The purpose of prejudgment interest is to provide a complete remedy; that is, to make whole a party which would have had access to the money had it not been for the actions of the other party, and which would presumably have invested the money or otherwise obtained some return on it. *West Virginia v. United States*, 479 U.S. 305, 310-11 n.2 (1987). The interest awarded must be based on the prime interest rate during the years in question. *See Gorstein Enter.*, 874 F.2d at 437. As a general rule, the decision whether to award compound or simple prejudgment interest is left to the discretion of the trial court. *Am. Nat'l Fire Ins. Co. ex rel. Tabacalera Contreras Cigar Co. v. Yellow Freight Sys.*, 325 F.3d 924, 937 (7th Cir. 2003). However, "compound prejudgment interest is the norm in federal litigation," and if compounded prejudgment interest is not awarded, the Court must explain the basis for its decision. *Id.* at 937-38 (citation omitted). Therefore, upon due consideration, the Court awards Faraca prejudgment interest on the $10,476.34 damage

4

award at the average monthly prime rate[1] compounded annually from the period beginning on August 22, 2008, through the March 16, 2010, date of the entry of judgment. The Court calculates that amount to be $605.42. Thus, Faraca is awarded $10,476.34 as compensatory damages plus $605.42 in prejudgment interest.

With respect to his claim for actual attorney's fees of $5,875.00 and costs of $573.04, Faraca has provided an itemized billing statement of counsel and a list of costs. (*See* Spring Aff. II ¶ 13, Ex. A & Ex. B.) Section 14704(e) of Title 49 of the United States Code provides that "[t]he district court shall award a reasonable attorney's fee under this section. The district court shall tax and collect that fee as part of the costs of the action." As noted in this Court's January 7, 2010, Decision and Order, its research has not disclosed any decision of the Court of Appeals for this Circuit addressing a fee award under §14704(e).[2] However, the general rule for calculating attorney's fee awards under fee shifting statutes is that the starting point is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rate. *See Hensley v. Eckerhart*, 461 U.S. 424,

---

[1] The average monthly prime rate from August 2008 through March 15, 2010 has been as follows: 08/2008, 5.00; 09/2008, 5.00; 10/2008, 4.56; 11/2008, 4.00; 12/2008; 3.61; 01/2009, 3.25, 02/2009, 3.25 03/2009, 3.25 ,04/2009, 3.25; 05/2009, 3.25; 06/2009, 3.25; 07/2009, 3.25; 08/2009, 3.25; 09/2009, 3.25: 10/2009, 3.25; 11/2009, 3.25; 12/2009, 3.25; 01/2010, 3.25; 02/2010, 3.25. *See* http://www.federalreserve.gov/releases/h15/data/Monthly/H15_PRIME_NA.txt (last visited March 15, 2010).

[2] As stated in the Court's January 2010, Decision and Order, the sole relevant appellate decision regarding an attorney's fee award pursuant to 49 U.S.C. § 14704(e) disclosed by its research is an unpublished decision of the Court of Appeals for the Eighth Circuit that upheld a district court's fee award under § 14704(e), using the *Hensley* lodestar analysis. *See Padrta v. Ledar Trans., Inc.*, 116 Fed. Appx. 36 (8th Cir. 2004)(unpublished). The only decision within this circuit on the issue found by this Court's research also used the *Hensley* lodestar approach for an attorney's fee award for violating the Truth-in-Leasing Act. *See Owner-Operator Indep. Drivers Ass'n, Inc. v. Mayflower Transit, Inc.*, 659 F. Supp. 2d 1016, 1020 n.3, 1021 (S.D. Ind. 2009).

433 (1983). The party seeking the fee award bears the burden of proving the reasonableness of the hours worked and the hourly rates claimed. *Id. See also, Spegon v. Catholic Bishop of Chi.*, 175 F.3d 544, 550-59 (7th Cir. 1999).

The Court has reviewed the itemized schedule of costs and attorney's fees submitted by Faraca. (*See* Spring Aff. II, ¶ 13 & Ex. A, Ex. B.) The statement indicates that work was done by persons identified by the initials "MAT," "MCS," and "KAH." (*Id.*) While not explained by Faraca, the initials MCS and KAH correspond to the first letters of the names of Spring and Kim A. Howarth ("Howarth"), attorneys for Faraca. The Court's review of the file does not disclose the identity of MAT. However, the rates for both Spring and MAT are $200 per hour. Based on the hourly rate, the Court concludes that MAT is an attorney. Howarth's rates are listed as $250 per hour. A total of 30.25 hours were spent on the action, with only 1.5 hours of work being done on the matter by Howarth, the attorney with the highest hourly rate. Although counsel have not provided any information regarding their actual billing rate for comparable work, *see Mathur v. Bd. of Trs. of S. Ill. Univ.*, 317 F.3d 738, 743 (7th Cir. 2003), the average hourly rates are reasonable for a commercial contract action as are the 30.25 hours spent on this matter, when viewed from a general perspective of the hours devoted to a commercial contract action that is being resolved on default judgment. However, in considering whether billing judgment was exercised, *see Hensley*, 461 U.S. at 434, the Court will deduct the two hours at $200 per hour that counsel spent preparing the notice of the summons for publication and efforts related to that publication, and the two hours at $200 per hour that counsel spent preparing Faraca's first motion for default judgment.

6

Neither a client nor the opposing party should compensate counsel for misdirected efforts which are, at least in retrospect, obvious under well-established law. Thus, the lodestar amount is $5,075.00.

Considering the additional relevant factors, *see Estate of Enoch ex rel. Enoch v. Tienor,* 570 F.3d 821, 823-24 (7th Cir. 2009), Faraca has prevailed on all his claims against Fleet 1. The hours spent on the case by counsel are adequately documented. *See id*. Therefore, the Court will allow Faraca to recover $5,075.00 in attorney's fees from Fleet 1.

Faraca has also claimed costs. A district court may not tax a prevailing party's costs to the losing party under Rule 54(d) unless the specific expense is authorized by a federal statute. *See Little v. Mitsubishi Motors North Am., Inc.*, 514 F. 3d 699, 701 (7th Cir. 2008) (citing *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 441-42, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987); *Republic Tobacco Co. v. N. Atl. Trading Co.*, 481 F.3d 442, 447 (7th Cir. 2007)). In addition to being authorized by statute, a cost must be both reasonable and necessary to the litigation for a prevailing party to recover it. *Id.* Faraca does not cite any cases which specifically rely on the Truth-in-Leasing laws to authorize the payment of costs not listed in § 1920. Therefore, the Court will award only costs authorized by 28 U.S.C. § 1920.[3]

---

[3] Section 1920 states in relevant part:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

7

Faraca claims as costs the $350 filing fee, a $131 publication fee, $32.59 for postage, $8.86 for telephone calls, $38.60 for photocopying, $10.64 for certified mail, and .50 for fax. Spring avers that the requested costs were necessarily incurred in the prosecution of this action. (Spring Aff. II, ¶ 13.)

Clearly the filing fee is an allowable cost. *See* 28 U.S.C. § 1920. Photocopying is an allowable cost if the copies are necessarily for use in the case, which been interpreted as meaning that the copies are for the Court and opposing counsel. *See Williams v. Z. D. Masonry, Corp.*, No. 07-6207, 2009 WL 383614 *6 (N.D. Ill. Feb. 17, 2009). A party may not recover the cost of copies which are made for the convenience of counsel. *See id*. Faraca's submissions do not provide information regarding the purpose of the photocopies, the document copied, the number of copies, or per page copying cost. Therefore, Faraca has not established that he may recover the claimed photocopying costs.

*Wahl v. Carrier Mfg. Co.,* 511 F.2d 209, 216-17 (7th Cir. 1975) holds that telephone and, generally, postage expenses are not allowed. The cost of publication of a summons for service is not listed in § 1920. Therefore, the Court may not award the claimed costs for postage, telephone calls, certified mail, fax or the publication fee. Thus, Faraca's request for attorney's fees and costs is granted to extent that he may recover $5,075.00 for attorney's fees, and costs in the amount of $350 for the filing fee.

---

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

"Section 1961(a) of the Judicial Code entitles the prevailing plaintiff in a federal suit . . . to postjudgment interest at a rate fixed in the statute, whether or not there is an award of interest in the judgment, *Clifford v. M/V Islander*, 882 F.2d 12, 14 (1st Cir.1989), or even a request for interest in the complaint." *See Bell, Boyd & Lloyd v. Tapy*, 896 F.2d 1101, 1104 (7th Cir. 1990) (citing Fed. R. Civ. P. 54(c); 10 Wright, Miller & Kane, *Federal Practice and Procedure* § 2664, at 159-60 (2d ed. 1983)). Thus, the judgment will include an award of post-judgment interest pursuant to 28 U.S.C. § 1961.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Faraca's motion for default judgment is **GRANTED** to the extent that the Court finds that Fleet 1 is liable to Facara for the claims set forth in the Complaint based on Fleet 1's breach of the parties' July 31, 2008, Hauling Agreement. Faraca is entitled to recover from Fleet 1, $10,467.34 plus prejudgment interest in the amount of $605.42, and attorney's fees and costs, in the amounts of $5,075.00 and $350.00, respectively. Thus, the total amount that Faraca may recover from Fleet 1 is $16,497.76;

Faraca is entitled to post-judgment interest pursuant to 28 U.S.C. § 1961;

This action is **DISMISSED** with prejudice; and,

The Clerk of Court is **DIRECTED** to enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 16th day of March, 2010.

          **BY THE COURT**

          *s/ Rudolph T. Randa*
          **Hon. Rudolph T. Randa**
          **U.S. District Judge**